UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEOPLE OF THE STATE OF CALIFORNIA,<br><br>            Plaintiff,<br><br>    v.<br><br>EVIG, LLC,<br><br>            Defendant. | Case No. 21-cv-02330-HSG<br><br>**ORDER GRANTING MOTION TO REMAND**<br><br>Re: Dkt. No. 14, 16 |

Pending before the Court is Plaintiff's motion to remand and for fees. Dkt. No. 14 ("Mot."). Defendant opposes the motion. Dkt. No. 17 ("Opp."). The Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted. *See* Civil L.R. 7-1(b). For the following reasons, the Court **GRANTS** the motion to remand and **DENIES** the motion for fees.[1]

## I.   LEGAL STANDARD

A defendant may remove a civil action in state court to the federal court "for the district and division embracing the place where such action is pending" if the federal court has subject matter jurisdiction over the matter. *See* 28 U.S.C. § 1441(a). "If a case is improperly removed, the federal court must remand the action because it has no subject-matter jurisdiction to decide the case." *ARCO Envtl. Remediation, L.L.C. v. Dep't of Health & Envtl. Quality of Mont.*, 213 F.3d 1108, 1113 (9th Cir. 2000). On a motion to remand, federal courts must presume that a cause of action lies beyond its subject matter jurisdiction, *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009), and must reject federal jurisdiction "if there is any doubt as to the right of

---

[1] Because the Court remands the case to state court, Defendant's motion to dismiss, Dkt. No. 16, is **TERMINATED AS MOOT**.

removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The removing party bears the burden of establishing federal jurisdiction. *See id.* at 566–67.

## II.  DISCUSSION

### A.  Motion to Remand

Plaintiff initially filed its civil complaint on February 23, 2021 in Napa County Superior Court. *See* Dkt. No. 1 ("Notice"). On March 31, 2021, Defendant removed the case to federal court on the basis of diversity jurisdiction. *Id.* Plaintiff argues that Defendant's notice of removal was untimely because it was filed 34 days after Defendant was personally served with the summons and complaint through its registered agent for service of process. Mot. at 6. The Court agrees.

With its notice of removal, Defendant attaches the summons and complaint filed by Plaintiff in the Napa County Superior Court. Notice, Ex. A. Defendant also includes the proof of service of the summons and complaint filed by Plaintiff. *Id.* at ECF 29-31. This proof of service indicates that Defendant's registered agent was served with the summons and complaint on February 25, 2021. *Id.*; *see also* Dkt. No. 14-1 ¶ 3. Under 28 U.S.C. § 1446(b)(1), Defendant was required to file its notice of removal "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading," i.e. within 30 days after February 25, 2021; Defendant filed its notice of removal on March 31, 2021—34 days after February 25, 2021. Notice at 1.

The Supreme Court has made clear that if, as here, "the summons and complaint are served together, the 30–day period for removal runs at once." *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999). California law allows for process to be served against a "foreign limited liability company by delivery [] to any individual designated by it as agent." Cal. Corp. Code § 17701.16. Defendant does not dispute that its registered agent was served with the summons and complaint on February 25, 2021. *See* Opp. at 4-5. On the contrary, in its motion to dismiss, Defendant acknowledges that it "was served with the Complaint on February 25, 2021." Dkt. No. 16 at 4. Nor does Defendant argue that service of process upon a registered agent is insufficient to trigger the 30-day period for removal.

1   Instead, Defendant attempts to justify the untimeliness of its notice of removal by arguing

2   that "an interest holder" in Defendant named Lex Howard "became aware of the Complaint on or

3   about March 8, 2021," and "he was of the belief that service occurred on March 8, 2021." Opp. at

4   5; Dkt. No. 17-2 at 2.[2]  Defendant provides no further explanation of who Mr. Howard is or why

5   his awareness of the complaint is relevant to the 28 U.S.C. § 1446(b)(1) analysis.  Defendant then

6   argues that 28 U.S.C. § 1446(b)(3) "provides a pathway for avoiding the strict 30-day limit

7   imposed by Section 1446 (b)(1)." Opp. at 5.  Defendant cites no authority in support of this

8   argument and appears to misunderstand the plain language of § 1446(b)(3).  28 U.S.C. 1446(b)(3)

9   applies "if the case stated by the initial pleading is not removable" and a later "amended pleading,

10  motion, order or other paper" makes it "ascertain[able] that the case is one which is or has become

11  removable."  There is no attempt by Defendant to argue, and no indication in the record, that the

12  case stated by the initial, and only, pleading was not removable at some point but then became

13  removable.  Thus, the Court finds that § 1446(b)(3) does not allow Defendant to avoid the strict

14  30-day limit imposed by § 1446(b)(1). [3]

15  "Though the thirty-day removal deadline is not jurisdictional, it is nonetheless mandatory,

16  such that 'a timely objection to a late petition will defeat removal.'" *See Bathija v. Vivint*

17  *Wireless, Inc.*, No. 5:18-CV-04389-EJD, 2018 WL 5906546, at *3 (N.D. Cal. Nov. 9, 2018)

18  (quoting *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1212 (9th Cir. 1980)).  Plaintiff has made

---

[2] The deadline for Defendant to respond to Plaintiff's motion to remand was May 4, 2021. Defendant filed its Opposition on May 7, 2021.  Opp. at 1.  Plaintiff notes that Defendant failed to offer an explanation for its late filing or seek leave from the Court.  Dkt. No. 18 at 3.  Because the arguments offered by Defendant in its opposition do not change the outcome of the Court's analysis, the Court need not decide whether it would be appropriate to sanction Defendant by disregarding the late-filed opposition.

[3] The Court also notes that the arguments offered by Defendant's counsel come close to violating counsel's duty of candor to the Court.  In the opposition, Defendant's counsel states that "Howard received service of process on March 8, 2021 and provided the same to counsel on that date. [Howard Decl. ¶ 3.]  Howard believed the Company had been served on that date and represented the same." Opp. at 5.  This is a strained, and even borderline misleading, characterization of Mr. Howard's statements: "On March 8, 2021 I received notice of service on EVIG, LLC" and "That same day, I forwarded the same notice of service to counsel, indicating that I had received notice on March 8, 2021."  Dkt. No. 17-2 ¶¶ 2-3.  The Court further notes that the notice of service included by Defendant in its notice of removal (and presumably the same notice of service received by Mr. Howard) clearly states that Defendant's registered agent was served on February 25, 2021, not on March 8, 2021.  Notice at ECF 30-31.

a timely objection, and Defendant has failed to justify its untimely notice of removal.  *See Gaus*, 980 F.2d at 566 ("The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper.").  Accordingly, the Court **GRANTS** the motion to remand.

### B.  Motion for Fees

Under the removal statute, "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney's fees, incurred as a result of the removal."  28 U.S.C. § 1447(c).  "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal."  *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).  "Conversely, when an objectively reasonable basis exists, fees should be denied."  *Id.*

The Court finds that Defendant missing the notice of removal deadline by several days does not rise to the level of warranting an award of fees, and that Plaintiff has not otherwise established that Defendant lacked an objectively reasonable basis for seeking removal.  Accordingly, the Court **DENIES** Plaintiff's request for fees and costs.

## III.  CONCLUSION

The Court **GRANTS** the motion to remand and **DENIES** the motion for fees.  Defendant's motion to dismiss is **TERMINATED AS MOOT**.  The clerk is directed to remand the case forthwith to Napa County Superior Court and close the case.

**IT IS SO ORDERED.**

Dated: July 7, 2021

*[signature]*
HAYWOOD S. GILLIAM, JR.
United States District Judge